

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0943-12

### BENJAMIN KNIGHTEN BURCH, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**HERVEY, J., filed a concurring opinion in which JOHNSON, J., joined.**

### O P I N I O N

I join only the Court's judgment and write separately to express concern about what I perceive to be unfair criticism of the forensic-science community and a limitation on the use of forensic testimony that is far too narrow.

The majority suggests that Appellant's right to confront the witnesses against him was violated when the original analyst was not called to the stand at Appellant's insistence because there is an absence of evidence showing that the "tester did not

fabricate the results" and the analyst's report claimed only to have conformed with the required safeguards. Maj. Op. at 6. The opinion further states:

> Without having the testimony of the analyst who actually performed the tests, or at least one who observed their execution, the defendant has no way to explore the types of corruption and missteps the Confrontation Clause was designed to protect against.

*Id.* Although I believe that Appellant's confrontation right was violated in this case, the majority unfairly suggests that an unavailable analyst is an untrustworthy analyst. I disagree. It is important for a criminal defendant to be able to cross-examine an analyst who sponsors a report that inculpates the defendant and to have the opportunity to question an analyst about why he or she is no longer employed at the laboratory, but there may be other important evidentiary considerations to take into account. And the suggestion that scientists in the forensic-science community are untrustworthy merely because they are unavailable to testify, when there is no evidence to support that position, undermines confidence in a profession that is governed by rigorous protocols and certification procedures.

Also, I would suggest a broader reading of *Bullcoming*—one that might allow, for example, a second analyst, with an independent analysis, opinion, or judgment, to testify to results of laboratory testing depending on the circumstances of the analysis and the definition of "analyst" or "reviewer." If the State can produce "another" who may have developed his or her own separate conclusion based on data supplied through testing (i.e., particular "testing" is really performed through machinery and analysts develop opinions

from that data), I see no reason why that witness should be denied an opportunity to testify. If you have an independent analysis based on specific data that would be the same for each analyst, how much personal observation is required by the second analyst before he can testify?

With these questions, I concur in the Court's judgment.

Hervey, J.

Filed: June 26, 2013

Publish